```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STANLEY B. SMITH, JR., | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-450 (JBS) |
| v. | |
| MICHAEL J. RUZZO et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Plaintiff's "motion to restore and reinstate" his Complaint [Docket Item 36], which the Court dismissed in its October 31, 2007 Order. THIS COURT FINDS AS FOLLOWS:

1. Plaintiff, proceeding pro se, is presently incarcerated at South Woods State Prison in Bridgeton, New Jersey. He filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants subjected him to excessive force when arresting him. (Compl. at 4.)

2. After Plaintiff failed to respond to a series of discovery requests and failed to inform the Court of his change of address as Rule 10.1, L. Civ. R., requires, Defendants moved to dismiss his Complaint for failure to prosecute. The Court reviewed Plaintiff's lack of diligence in prosecuting this action in its October 31, 2007 Order, observing:

> The individual defendants sent initial interrogatories
> and an initial request for the production of documents to

>   Plaintiff on April 19, 2007 and received no response.  In addition, despite Magistrate Judge Ann Marie Donio's May 24, 2007 order granting Defendants' motion to compel the deposition of Plaintiff, Plaintiff has not notified Defendants of his current location and the defendants have not been able to schedule the ordered deposition.

(Docket Item 34 at 2.)  The Court then granted Defendant's motion to dismiss pursuant to Rule 41(b), Fed. R. Civ. P.:

>   While recognizing the seriousness of ordering the dismissal of Plaintiff's case under Federal Rule of Civil Procedure 41(b), Plaintiff's consistent failure to respond to the defendants' discovery requests over a six-month period amounts to the level of protracted delinquency directly attributable to Plaintiff that justifies the entry of an order of dismissal. [Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)].  In addition, Plaintiff has failed to keep the Court apprised of his change of address, as is exhibited by the fact that correspondence sent by the Court to Plaintiff has been returned since August 9, 2007.  Plaintiff has, therefore, failed to comply with Local Civil Rule 10.1(a), which authorizes the imposition of sanctions, including entering an order of dismissal.

(Id. at 2-3.)

    3.  On July 9, 2008 – more than eight months after the entry of the Order of dismissal – Plaintiff filed this motion to reinstate his claims.  In his motion, as well as in a letter to the Court dated July 24, 2008 [Docket Item 42], Plaintiff indicates that he did not earlier move for reconsideration of the Court's Order of dismissal because he had been transferred from the facility to which a copy of the Order had been mailed, and had thus not received the Order when it was entered.  On July 21, 2008, the Court entered an Order reopening this Docket "for further proceedings including determination of plaintiff's motion

. . . " (Docket Item 41 at 1.) Defendants have opposed Plaintiff's motion, arguing that it is untimely and fails on its merits as a motion for reconsideration.

4. The Court, having considered the submissions of the parties, will deny Plaintiff's motion. Initially, although the parties have characterized Plaintiff's motion as one seeking reconsideration of the Court's October 31, 2007 Order, the Court concludes that the extremely belated nature of Plaintiff's filing forecloses reconsideration pursuant to Local Civil Rule 7.1(i), and that Plaintiff's motion must instead be characterized as a motion for relief from final judgment pursuant to Rule 60(b), Fed. R. Civ. P.[1]

5. Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake,

---

[1] To the extent that Plaintiff's motion might be styled a motion for reconsideration, the Court agrees with Defendants that it must be denied on account of the belated nature of Plaintiff's filing. Under Local Civil Rule 7.1(i), motions for reconsideration must "be served and filed within 10 business days after the entry of the order or judgment on the original motion," L. Civ. R. 7.1(i), and "a district court may deny a motion for reconsideration simply because it was filed beyond the 10 days provided by Rule 7.1(i)." Garrison v. Porch, No. 04-1114, 2008 WL 1744730, at *2 (D.N.J. Apr. 11, 2008). Plaintiff's motion, coming as it does eight months after the Order of dismissal was entered, will be analyzed under Rule 60(b), Fed. R. Civ. P.

inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b).[2] As the Court of Appeals has explained,

> the determination whether a party's neglect is "excusable" is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file. The Supreme Court identified, without limitation, these factors to consider: "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." [Pioneer Investment Services v. Brunswisk Assoc., 507 U.S. 380, 395 (1993)].

George Harms Const. Co., Inc. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004).

6. Plaintiff's motion will be denied for two related reasons. First, the Court finds that his motion was not filed within a reasonable time. Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).[3] Plaintiff's motion comes more than eight months

---

[2] Rule 60(b) authorizes relief on certain additional grounds that are not applicable to the facts of this case, and are not reviewed by the Court herein.

[3] As numerous authorities have recognized, "the one-year period [provided by Rule 60(c)] represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired." Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir. 1986) (quoting Wright & Miller, Federal Practice and Procedure, Civil § 2866, p. 232) (internal quotations omitted, emphasis added).

after the Court entered its dismissal Order.  While Plaintiff attributes the extremely belated nature of his filing to the fact that he did not immediately receive the dismissal Order when it was entered, any such delay is attributable entirely to Plaintiff's own failure to comply with Local Civil Rule 10.1(a), which requires an unrepresented party to apprise the Court of a change in his address within five days of such a change.  L. Civ. R. 10.1(a).  Plaintiff was transferred to SWSP on August 13, 2007, (Docket Item 37 at 2), more than a month before Defendants moved to dismiss and more than two months before the Court granted Defendants' motion.  Had Plaintiff kept the Court informed of his whereabouts, as the Local Civil Rules require, he would have timely received a copy of the Court's dismissal Order (and, perhaps more to the point, would have received Defendants' motion and had an opportunity to oppose that motion).[4]  The Court cannot conclude that an eight-month delay in filing, attributable entirely to Plaintiff's disinclination to keep the Court or Defendants apprised of his whereabouts, constitutes "a reasonable

---

[4] Moreover, construing Plaintiff's Affidavit generously, Plaintiff appears to state that he could not file the instant motion any sooner because his legal materials (including, presumably, the dismissal Order) were mailed to his home when he was transferred from the Central Reception Facility in Trenton to South Woods State Prison ("SWSP").  (Smith Aff. ¶ 6.)  As Defendants argue, however, by Plaintiff's own admission, he received his legal materials no later than May 2, 2008, (Docket Item 37 at 2), but did not file the instant motion for another two months until July 9, 2008.  Plaintiff offers no explanation for this additional sixty-eight-day delay.

time" within the meaning of Rule 60(c) under the circumstances presented here. See Den Be ex rel. Bell v. Hamilton Tp. Mun. Court, No. 07-1588, 2008 WL 5156683, at *3 (D.N.J. Dec. 5, 2008).

7.  Additionally, even if the Court were to examine Plaintiff's motion on its merits, Plaintiff's neglect was not "excusable." Fed. R. Civ. P. 60(b)(1). The Pioneer factors reviewed above do not weigh in favor of such a finding. First, there is a "danger of prejudice" to Defendants at having to defend against Plaintiff's now time-barred claims.[5] Pioneer, 507 U.S. at 395; see also Bell, 2008 WL 5156683, at *3. Additionally, as noted supra, Plaintiff's eight-month delay in asking the Court to modify its Order is not reasonable, even in light of his pro se status, and its "potential impact on judicial proceedings," and this Court's ability to manage the cases on its Docket, cannot be ignored. Pioneer, 507 U.S. at 395. Moreover, as the Court has explained, the Court finds that "the reason for the delay" in this matter was "within the reasonable control of the movant." Id. That is, although there is some question as to when Plaintiff actually received a copy of the Order he now seeks to vacate, there is no question that he would have been able to oppose Defendants' motion to dismiss, or to timely move for

---

[5] The conduct Plaintiff complains of allegedly transpired on July 6, 2006, (Compl. at 7), and the statute of limitations on such claims in New Jersey is two years. See O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006).

6

reconsideration of the Court's Order of dismissal, had he simply kept the Court and Defendants apprised of his whereabouts, as Local Civil Rule 10.1(a) requires of all litigants.[6]  Finally, while the Court does not find that Plaintiff's delay was the product of bad faith, it likewise cannot conclude that Plaintiff's protracted failure to comply with the Local Civil Rules (or his earlier refusal to comply with Defendants' discovery requests) demonstrates that in attempting to prosecute this matter he has "acted in good faith."  Id.  In short, the Court does not find good cause or excuse for Plaintiff's neglect.

8.  For the reasons explained above, the Court will deny Plaintiff's motion.  The accompanying Order will be entered.


**February 9, 2009**         **s/ Jerome B. Simandle**
Date         JEROME B. SIMANDLE
       United States District Judge

---

[6]  See also Note 4, supra.